IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MAURICE LYNN GASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-1157-CV-W-ODS |
| ) | |
| LAFAYETTE COUNTY, MISSOURI, ) | |
| KERRICK ALUMBAUGH, Sheriff, ) | |
| BILLIE BANES, Deputy Sheriff, ) | |
| et al, ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
AS TO DEFENDANT OK SOOK KO AND EXTENDING THE TIME FOR DEFENDANT
OK SOOK KO TO ANSWER

Pending is Plaintiff's Motion for Entry of Default as to Defendant Ok Sook Ko. Both Plaintiff and Defendant are proceeding pro se. Defendant submitted a letter in response to the motion. In response to one of the arguments raised in Defendant's response (which is discussed further below), Plaintiff filed a Motion to Extend Time for Filing Return of Service. Plaintiff's request to extend the deadline (Doc. # 31) is granted, and the previously submitted Return of Service (Doc. # 10) is deemed to have been timely submitted. The Court concludes Defendant has been properly served but nonetheless denies the Motion for Entry of Default (Doc. # 12).

Plaintiff states he first tried to serve this defendant by sending the Complaint and Summons via Certified Mail in accordance with Rule 4(d)(1). However, Rule 4(d) addresses requests to waive service, and as Plaintiff concedes Defendant did not waive service. Plaintiff then endeavored to have Defendant served at an address that purports to be her apartment or condominium in New York. The first such attempt occurred on November 9, 2012, but the process server was told by the concierge that defendant was away and denied the process server access to the building. A similar event transpired on November 14. The same thing occurred again on November 19, but this time the process server left the Summons and Complaint with the concierge,

who is identified as "Wayne Doe." On November 26, the process server sent a copy of the summons to Ok Sook Ko via certified mail in an envelope marked "Personal & Confidential."

There is no indication as to whether Ms. Ko received the November 26 certified mail or the copy left with the concierge on November 19. Her response indicates that she is aware of the lawsuit, but she insists upon proper service and contends the concierge/doorman is not a proper agent for service. She also contends the Return of Service was not timely filed.

The Court finds no law suggesting an apartment building's concierge is a proper agent to accept service. A concierge cannot be properly described as a member of the residents' household, either. The Court concludes service has not been effectuated under Rule 4(e)(2).

Rule 4(e)(1) is another matter. This rule states an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." Section 308 of New York's Civil Practice Law and Rules describes various methods of personal service – none of which were accomplished in this case, but which were attempted. Subsection 4 states that where personal service "cannot be made with due diligence" service may be accomplished "by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof . . . that the communications is from an attorney or concerns an action against the person to be served . . . ." Case law establishes that Plaintiff's prior efforts to effect personal service satisfy the "due diligence" requirement. See Wells Fargo Bank, N.A. v. Cherot, 2013 WL 164094 (N.Y. App. Div. 2013) (citing cases).

Plaintiff's failure to timely file the Return of Service does not invalidate the service. As noted, Plaintiff filed the return of service, albeit slightly out of time. The Court is empowered to excuse this technical problem, and the interests of justice require it. On the other hand, the Court is also empowered to excuse Defendant's failure to Answer, and the interests of justice require that, too. Both parties are proceeding pro se, and the Court should excuse such technical failings when neither

2

party will be prejudiced.  The understandable confusion arising from this situation also justifies allowing Defendant additional time to respond to the Complaint.

The Court holds Defendant Ok Sook Ko has been properly served, and she shall have until and including March 4, 2013, to file her Answer.  The Clerk of Court is directed to amend the Docket Sheet to reflect that Ms. Ko's contact information is as follows:

Ok Sook Ko
159 E. 30th Street
Number 4A
New York, New York  10016
(917) 270-3302

IT IS SO ORDERED.

DATE: January 29, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT