IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MAURICE LYNN GASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1157-CV-W-ODS |
| | ) |
| LAFAYETTE COUNTY, MISSOURI, | ) |
| KERRICK ALUMBAUGH, Sheriff, | ) |
| BILLIE BANES, Deputy Sheriff, | ) |
| et al, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND (2) DISMISSING DEFENDANT LUIS MOLINA ILLESCAS WITHOUT PREJUDICE

This is a civil rights lawsuit. Defendants Police Chief Bob Kinder, Officer Tim Singer, and the City of Odessa were dismissed previously. Pending is a Motion to Dismiss filed by Lafayette County, Lafayette County Sheriff Kerrick Alumbaugh, and Lafayette County Deputy Sheriff Billie Banes. Proceeding pro se, Defendant Ok Sook Ko has filed a separate Motion to Dismiss on her own behalf. For the following reasons, (1) Ko's Motion to Dismiss (Doc. # 64) is denied, (2) the County Defendants' motions for extension of time (Doc. # 69 and Doc. # 73) are granted, (3) the County Defendants' Motion to Dismiss (Doc. # 61) is granted in part and denied in part, and (4) Defendant Luis Molina Illescas is dismissed without prejudice because he has not been served.

## I. BACKGROUND

According to the pro se Complaint, the suit arises from a failed transaction whereby Plaintiff, through a transaction conducted on E-bay, agreed to sell a motor vehicle to Defendant Ok Sook Ko for $3,925. Defendant Luis Molina Illescas paid $2,000 of the purchase price, but Plaintiff would not release the vehicle until the full

price had been paid.  Illescas or Ko then asked for a return of the $2,000, but Plaintiff refused to return the money.

In October 2011, Illescas and Ko contacted the Lafayette County Sheriff's Department and the Odessa Police Department.  Interpreting Plaintiff's allegations liberally (because he is pro se), the Complaint generally alleges Illescas and Ko sought intervention from law enforcement officials or prosecutors in an attempt to cancel the contract and "persuade" Plaintiff to return the $2,000.  As part of these efforts, they convinced Deputy Banes to call Plaintiff and request that he talk about the matter.  Plaintiff requested that he be allowed to have his attorney present, but the meeting did not occur and Deputy Banes did not contact Plaintiff again.  Complaint, ¶ 5(d).  Ko then sent Deputy Banes what Plaintiff describes as "a voluntary statement . . . containing lies, omissions, and misleading statements" that was virtually identical to a statement Illescas sent to Deputy Barnes.  Complaint, ¶ 7.  The alleged falsehoods were:

a) A claim that the $2,000 was paid by Ko when it was really paid by Illescas
b) A false claim that Plaintiff asked that the final $1,925 be sent via Western Union
c) A false claim that Ko told Plaintiff the final payment would be sent after the vehicle was picked up
d) A claim that Plaintiff was not present at the place and time where the vehicle was to be delivered to Ko/Illescas, when in reality "the shipper was late, and [Illescas] informed [Pliantiff] by phone that he did not have the final payment."
e) Another allegedly false identification of the purchaser's true identity
f) A claim that Ebay canceled the re-auction of the vehicle, when in reality Plaintiff canceled the subsequent auction
g) A false claim that Ebay asked Plaintiff to return the $2,000 to Ko.

These falsehoods were allegedly communicated to Deputy Banes "with the malicious intent of coercing the Lafayette County Prosecutor into filing charges against [Plaintiff] to force him to cancel the purchase agreement, and repay the $2000.00 payment previously made to" him.

Two days later, Deputy Banes prepared a Probable Cause Statement based on the communications from Illescas and Ko.  In addition to the falsehoods incorporated by

relying on Illescas' and Ko's statements, the Probable Cause Statement also contained the following allegedly falsehoods or omissions:
   a) Ko requested return of her money numerous times, when she only contacted Plaintiff once
   b) Plaintiff disconnected the call when Deputy Banes contacted him by telephone
   c) The Probable Cause Statement does not mention the existence of a purchase agreement between Ko and Plaintiff
   d) The vehicle had been moved from its location in Odessa, Missouri, which was not true
   e) Deputy Banes stated she believed Plaintiff "illegally retained the funds of Ok Sook Ko, intends to deprive her of the vehicle, and does not intend to return her money" when Deputy Banes should have known that Plaintiff committed no crime and had not received the final payment

Complaint, ¶ 8. Elsewhere, Plaintiff makes clear that Illescas asked him to cancel the agreement and refund the $2,000, and that Plaintiff "refused to cancel the purchase agreement." Complaint, ¶ 36.

At some point, the Probable Cause Statement was delivered to the prosecutor, a warrant was obtained, and Plaintiff was arrested. The Complaint does not allege, and the parties do not indicate, what charges were filed, but the County Defendants represent that the charges have been dismissed.

Lafayette County, Sheriff Alumbaugh, Deputy Banes, and Ko are parties to the following counts:

Count I      Wrongful arrest and imprisonment, negligence, abuse of process, malicious prosecution and conspiracy in violation of the United States Constitution
Count II     A *Monell* claim for municipal liability (asserted against Sheriff Alumbaugh in his official capacity and Lafayette County and Deputy Banes or Ko)
Count III    False arrest under state law
Count IV     Abuse of process under state law
Count V      Negligence under state law
Count VI     Malicious prosecution under state law

3

Count VII    Conspiracy under state law

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotation marks and citations omitted). This does not obviate

the need to plead facts sufficient to demonstrate the claim – however inartfully pleaded – is plausible.

## A. Deputy Banes

The City of Odessa and the members of its police department – Chief Bob Kinder and Officer Tim Singer – were dismissed because the Amended Complaint contained no allegations connecting them to Plaintiff's arrest. Deputy Banes characterizes herself as similarly unconnected to Plaintiff's arrest and thus concludes the Amended Complaint fails to state a basis for her liability.[1] The Court is unpersuaded.

The Amended Complaint alleges Ko and Illescas talked to Officer Singer, that he talked to them – and that is all. Nothing connected Officer Singer to Plaintiff's arrest. In contrast, the Amended Complaint alleges far more involvement by Deputy Banes, as she prepared the Probable Cause Statement that led to the filing of charges against, and the arrest of, Plaintiff. Deputy Banes seeks to distance herself from Plaintiff's arrest by placing responsibility solely at the feet of the Lafayette County Prosecutor, but the Court cannot pretend the Probable Cause Statement Deputy Banes submitted had nothing to do with Plaintiff's arrest. "The intervening acts of a prosecutor, magistrate, or grand jury may relieve an officer of liability for a false arrest. Officers remain liable, however, for the reasonably foreseeable acts of the actors they deceive. An officer may be liable for an unlawful arrest despite a magistrate's authorization where a reasonably well-trained officer would have known that his affidavit failed to establish probable cause and that he should not have applied for a warrant." Small v. McCrystal, 708 F.3d 997, 1006 (8th Cir. 2013) (internal citations, quotations, and ellipses omitted). "The fact that a neutral magistrate has issued a warrant authorizing the allegedly unconstitutional search or seizure does not end the inquiry into objective reasonableness. Rather, we have recognized an exception allowing suit when 'it is obvious that no reasonably competent officer would have concluded that warrant should issue.'" Messerschmidt v.

---

[1] In this regard, the Court notes Deputy Banes bases her motion in terms of the Amended Complaint's failure to state a basis for liability and does not assert the defense of qualified immunity.

5

Millender, 132 S. Ct. 1235, 1245 (U.S. 2012) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).  Two different situations are described in these cases: (1) warrant applications predicated on falsehoods and (2) warrants that contain true information but that are obviously lacking in probable cause.  Both situations can give rise to liability for the officer notwithstanding the intervening decision of a judge or prosecutor.  Therefore, Deputy Banes' theory is contrary to law, and that alone justifies denial of her motion.

The Court *sua sponte* solicited a copy of the Probable Cause Statement after concluding it was fairly embraced by the Complaint and thus could be considered when considering a motion under Rule 12(b)(6).  See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003).  While the Probable Cause Statement contains statements Plaintiff describes as false, the Court is not persuaded a claim has been stated on this theory because none of the supposedly false facts appear to be material to the probable cause determination.[2]  Of more importance, however, is the extent to which probable cause is established.  While Defendants' analysis did not reach this issue, the Court's independent review reveals that the Probable Cause Statement appears sorely deficient.  At its core, the Probable Cause Statement explains that Plaintiff received a $2,000 down payment but that Plaintiff "failed to release the vehicle [Ko] had purchased from him until he received the final payment in cash."  The Probable Cause Statement proceeds to explain that Ko "attempted numerous times to contact" Plaintiff about getting the down payment back, but when she finally made contact he declined to return the down payment.  From these facts, the Probable Cause Statement concludes "it is believed that [Plaintiff] has illegally retained the funds of [Ko] to deprive her of the vehicle and does not intend to return her money he received through Pay Pal."  No basis for this belief is set forth.  No basis for this belief can be readily inferred from the facts described elsewhere in the Probable Cause Statement.  No specific crime is identified.  A crime that does not come readily to mind could be in play – but the

---

[2]For instance, Plaintiff disagrees with the Probable Cause Statement's indication he hung up on Deputy Banes.  Even if the truth is as Plaintiff describes, the fact is of no consequence in ascertaining whether probable cause was established.  Similar observations can be made about all of Plaintiff's factual disagreements.  The case would be different if, for instance, the Probable Cause Statement falsely indicated that the vehicle Plaintiff purportedly sold did not exist.

6

Probable Cause Statement does not explain what that crime is or why probable cause exists to believe Plaintiff was committing it.[3]

The Probable Cause Statement suggests Plaintiff declined to release the vehicle until he was paid in full, and Ko/Illescas were insisting on delivery first or cancellation of the contract. This stalemate appears to be a contractual dispute, not a criminal matter. Accepting Plaintiff's allegations as true, Deputy Banes arguably intervened in this purely civil dispute in order to place "pressure" on Plaintiff in an attempt to help resolve the civil matter in a certain way. In so doing, it appears (at least arguably, and without the benefit of further discussion from Defendants) that she submitted a Probable Cause Statement that is so lacking in probable cause that a reasonable officer would have concluded that no warrants or charges should issue. This states a claim under <u>Briggs</u> and subsequent cases.

### B. Lafayette County and Sheriff Alumbaugh

A claim brought under § 1983 only imposes liability upon a municipality or similar governmental entity, like Lafayette County,[4] if the entity itself caused the constitutional injury. A theory of respondeat superior is insufficient for liability to attach; an entity causes the deprivation only if the deprivation occurs pursuant to an official policy or custom. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). In this case, Plaintiff alleges his injuries and damages were a result of Lafayette County's "policies, practices, customs and procedures," which "were intended to and did encourage, endorse and permit" violations of Plaintiff and other similarly situated persons. Complaint, ¶ 18; <u>see also</u> Complaint, ¶¶ 17, 19.

---

[3] Plaintiff's Complaint mentions that he briefly listed the vehicle in a subsequent auction. This fact is not mentioned in the Probable Cause Statement – which is significant because if it had it might serve as a basis for believing Plaintiff was violating the law by selling the vehicle while it was the subject of a contract to sell it to Ko/Illescas without him first returning their down payment. This fact's absence from the Probable Cause Statement precludes this line of analysis.

[4] Sherrif Alumbaugh is sued only in his official capacity, so the claims against him are construed as claims against Lafayette County. <u>E.g.</u>, <u>Rynders v. Williams</u>, 650 F.3d 1188, 1195 (8th Cir. 2011).

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). The failure to train can be considered a deliberate policy choice – as required by Monell – only if the entity acts with deliberate indifference. Id. at 389-90. It is not enough for the plaintiff to demonstrate the governmental entity is responsible for the policies actually employed and invite the jury to infer the failings or inadequacies were deliberate choices. Id.

Deliberate indifference requires that the governmental entity knew its procedures were inadequate and likely to result in a violation of constitutional rights. E.g., Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996). Notice can be implied in two circumstances. First, "it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to be deliberately indifferent to the need." Id. at 390. Second, a pattern of prior misconduct may be sufficient to indicate the governmental entity's response to a regularly recurring situation is inadequate to prevent it. Jennings v. Wentzville R-IV School Dist., 397 F.3d 1118, 1122 (8th Cir. 2005); Thelma D. v. Board of Ed. of City of St. Louis, 934 F.2d 929, 932-33 (8th Cir. 1991).

Plaintiff's claims against Lafayette County and Sheriff Alumbaugh in his official capacity must be dismissed because the Complaint fails to allege any facts that would satisfy the requirements outlined above. See Ulrich v. Pope County, No. 12-2813, slip op. at 9 (8th Cir. May 21, 2013) (confirming that Monell requirements are not just matters of proof, but that facts supporting imposition of municipal liability must be alleged.). At best, Plaintiff has alleged a single incident – he has not set forth any facts apart from the violations he alleged in this case to substantiate a policy, inadequacy of training, or deliberate indifference. Accordingly, Lafayette County and Sheriff Alumbaugh are dismissed.

### C. Ok Sook Ko

Ko's separate motion anticipates the dismissal of all other defendants, and argues she should be dismissed because she cannot be liable for conspiring to deprive Plaintiff of his civil rights if no civil rights claim survives. The Court's decision not to dismiss Deputy Banes means Ko's argument is not viable at this juncture.

Ko offers a series of other arguments, all couched in terms of Plaintiff's inability to prove his allegations. For instance, she argues Plaintiff cannot prove there was a meeting of the minds between Ko and Deputy Banes, that she acted with improper purpose, and the like. The Court is limited to evaluation of the Complaint's allegations. Plaintiff is not required to prove his claims at this juncture. All the Court can say is that Plaintiff has stated claims for which relief can be granted. Whether Plaintiff can prove those claims, and whether relief should be granted, are matters for another day.

That said, the Court agrees with Ko that reporting an incident to law enforcement, in and of itself, does not constitute a crime. This is true even if part of the motivation was to resolve her personal conflict. After all, a bank manager's motivation to report a bank robbery might include a desire to recover the stolen funds. However, the Court – limited to a review of the Complaint – cannot conclude Plaintiff has failed to state a claim for which relief can be granted.

### D. Luis Molina Illescas

Illescas is dismissed without prejudice because he was never served. The Complaint was filed on September 11, 2012. Plaintiff obtained several extensions of time to serve Illescas, the last of which was granted on March 20, 2013. The Court acknowledged the difficulty in effectuating service given that Illescas lives in Spain and for that reason gave Plaintiff until May 10, 2013, to serve him. However, the Court also cautioned Plaintiff that "given the length of time this case has been pending, further extensions are not likely to be granted."

Plaintiff has not served Illescas. Plaintiff has not requested further extensions, and his last one expired almost six weeks ago, the Court hereby dismisses Illescas without prejudice.

### III.  CONCLUSION

For the foregoing reasons,

1. The motions for extension of time (Doc. # 69 and Doc. # 73) are granted.
2. Defendant Ok Sook Ko's Motion to Dismiss (Doc. # 64) is denied.
3. The Lafayette County Defendants' Motion to Dismiss (Doc. # 60) is granted in part and denied in part, and Defendants Lafayette County and Kerrick Alumbaugh are dismissed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 18, 2013
UNITED STATES DISTRICT COURT